IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

FILED

3:08 pm, 10/5/06

Joyce W. Harris
Clerk of Court

| | |
|---|---|
| In re | ) |
| | ) |
| BRIAN FRANCIS SANFORD, | ) Case No. 04-22223 |
| | ) CHAPTER 7 |
| Debtor. | ) |
| | ) |
| RANDY ROYAL, Chapter 7 Trustee of | ) |
| the Bankruptcy Estate of Brian Francis | ) |
| Sanford, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Adv. No. 05-2025 |
| | ) |
| THE PROBATE ESTATE OF NORMAN | ) |
| L. SANFORD, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION ON COMPLAINT

On June 21, 2006, the court held a trial on the Trustee's Second Amended Adversary Complaint to Set Aside Conveyance of Property as Fraudulent Conveyance and for Turnover. The chapter 7 trustee, Randy L. Royal, appeared with his counsel Anthony Wendtland. The defendants, the Probate Estate of Norman L. Sanford (Sanford Estate), its personal representatives and beneficiaries (collectively Sanfords), appeared through their counsel, Ronald P. Jurovich. The court has reviewed the generally undisputed facts and the applicable law, and is prepared to rule.

### Jurisdiction

The court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157(a) and 1334(a). This is a core proceeding within the terms of § 157(b)(2)(H).

**Facts**

Norman L. Sanford died on September 9, 2003, leaving a Last Will and Testament (Will) under which the Debtor, Brian Francis Sanford (Debtor), is a named heir and devisee along with other family members. The Will was filed in the Hot Springs County, Wyoming District Court (District Court) on September 22, 2003.

Probate proceedings of the Will are not complete, and the value of the Sanford Estate is unknown. This court previously abstained in favor of a ruling from the District Court on various issues of state law, including the value of the Sanford Estate.

On October 6, 2003, Dale E. Barlage (Barlage) obtained a Default Judgment against the Debtor in the Pima County, Arizona Superior Court for $1,200,000.00. Barlage filed the Default Judgment as a foreign judgment in the District Court on October 27, 2003 and began execution proceedings. The Debtor was aware of the Default Judgment at least by October or November of 2003.

On January 21, 2004, the Debtor executed a Renunciation of his interest in the Sanford Estate. The Debtor delivered the Renunciation to his brother, Norman Sanford, who was the personal representative of the Sanford Estate. On October 1, 2004, Barlage requested authority to hold an execution sale of the Debtor's interest in the Sanford Estate. Norman Sanford filed the Renunciation in the District Court on November 15, 2004. The Debtor contends he did not communicate with Norman Sanford regarding the timing of the filing.

However, on the same date, the Debtor filed his voluntary chapter 7 petition for relief in this court. The Debtor did not list the Renunciation in his chapter 7 Schedules or the Statement of Financial Affairs.

Between the date the Debtor signed the Renunciation and November 15, 2004, the Debtor initiated litigation in Pima County, Arizona, in the District Court and in the United States District Court for the District of Wyoming, all in an attempt to overturn the Default Judgment. His efforts were unsuccessful.

## Conclusions of Law

The Trustee seeks to avoid the filing of the Renunciation by the Debtor as a fraudulent conveyance under 11 U.S.C. § 548(a)(1) & (2)[1], which state:

> The trustee may avoid any transfer of an interest of the debtor in property . . . that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily
>
> (A) made such transfer . . . with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made . . . indebted; or
>
> (B) received less than a reasonably equivalent value in exchange for such transfer . . . and was insolvent on the date that such transfer was made . . . or became insolvent as a result of such transfer.

The determinative question in this case is whether the Renunciation was a transfer of

---

[1] All references to the Bankruptcy Code are to the law in effect prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act.

an interest in property.[2]  In the absence of controlling federal law, a debtor's interest in property is determined by applicable state law (in this case Wyoming law). *Barnhill v. Johnson*, 503 U.S. 393, 112 S. Ct. 1386, 1389 (1992).  What constitutes a transfer is a question of federal bankruptcy law. *Id.*

The filing of a disclaimer of a testamentary gift is treated under most states' probate laws by application of the relation back doctrine.  A valid disclaimer effectively causes the interest disclaimed to be distributed as if the beneficiary did not survive the testator.  The testamentary gift passes to other devisees under the will or trust.

Several Circuit courts have addressed the issue.  All have ruled that a disclaimer operates as if the person disclaiming never possessed the property.  The rulings are based on the relation back doctrine and the policy that one cannot be compelled to accept a gift.  The relation back doctrine treats the property as though the disclaimant never owned an interest in the property disclaimed, and therefore, there can be no transfer. *In re Bright*, 241 B.R. 664, 672 (9th Cir. BAP 1999) (based on Washington law); *Simpson v. Penner (In re Simpson)*, 36 F.3d 450, 453 (5th Cir. 1994) (applying Texas law); *Jones v. Atchison (In re Atchison)*, 925 F.2d 209, 211-212 (7th Cir. 1991) (applying Illinois law).

Some bankruptcy courts find the relation back argument circuitous, focusing instead on whether the relation back doctrine is in itself the functional equivalent of a transfer under

---

[2]The parties to this case did not advise the court whether the Debtor filed the Renunciation prior to or after he filed the bankruptcy petition, both of which occurred on November 15, 2004. The court assumes the filing of the Renunciation occurred prior to the bankruptcy filing because otherwise, the testamentary gift would be property of the estate under 11 U.S.C. § 541(a)(5).

federal law. Those courts conclude the beneficiary owned an interest in property that was effectively divested upon the filing of the disclaimer. *In re Kloubec*, 247 B.R. 246, 256 (Bankr. N.D. Iowa 2000), *aff'd* 268 B.R. 173 (N.D. Iowa 2001); *In re Brajkovic*, 151 B.R. 402, 405 (Bankr. W.D. Tex. 1993) (disclaimer functions as a mode of parting with property under § 101(54)).

For purposes of this case, the law in the Tenth Circuit is controlling. In the case of *Hoecker v. United Bank of Boulder*, 476 F.2d 838 (10th Cir. 1973), the Circuit Court of Appeals for the Tenth Circuit discussed the issue in the context of Colorado probate law and federal bankruptcy law. That court ruled that the property gifted under the will did not vest in the debtor, but rather the valid disclaimer operated to pass the property directly from the testator to the other beneficiaries. *Id.* at 841. The court concluded there was no transfer of an interest in property because the effect of the relation back provision was that the debtor never owned the interest. Judge William Holloway, in his dissent, concluded the disclaimer was a transfer under 11 U.S.C. § 1(30) of the Bankruptcy Act.

Under Wyoming's Probate Code, "[a]ny person may disclaim any interest in property which without a disclaimer he would receive by gift, bequest, devise, inheritance, beneficiary designation, the exercise of a power of appointment or would pass by right of survivorship." Wyo. Stat. Ann. § 2-1-401(a) (LexisNexis 2006). The disclaimer is an "irrevocable and unqualified refusal by a person to accept an interest in property." Wyo. Stat. Ann. § 2-1-402(a)(ii). Wyoming law also contains a relation back provision to the time of death of the

decedent, and the recipient of the gift never gains possession of the disclaimed property. *Norman v. Schulte (In re Schulte)*, 107 B.R. 763, 764 (Bankr. D. Wyo. 1989). Under Wyoming Statutes Annotated § 2-1-404 (a)(ii), the "interest disclaimed passes under the residuary clause of transferor's will if he died prior to the disclaimer," and "[i]f the disclaimant is a residuary beneficiary under the will the interest disclaimed passes as though the disclaimant did not survive the transferor."

Wyoming law is similar to that of Colorado. Although some of the traditional badges of fraud are evident in this case, the court is constrained from ruling in favor of the Trustee by the ruling in *Hoecker*. IT IS, THEREFORE, ORDERED that the defendants shall have judgment as a matter of law on the Trustee's complaint. The court will issue a separate Judgment.

DATED this 5 day of October, 2006.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
Anthony Wendtland
Ronald Jurovich